UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-24802-MC-SCOLA/TORRES

PRISCILLA RAINEY,

       Plaintiff,

v.

JAYCEON TERRELL TAYLOR,

       Defendant.

_____/

**ORDER ON DEFENDANT'S
MOTION TO QUASH SERVICE OF SUBPOENA**

This matter is before the Court after Jayceon Terrell Taylor ("Defendant") moved to quash service of a subpoena on Andrew Williams, Esq., Defendant's counsel.[1] [D.E. 12]. Plaintiff filed her response in opposition to the motion on April 11, 2019, [D.E. 14], and Defendant filed his reply one week later. [D.E. 15]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the parties' briefing materials, the relevant authorities governing

---

[1] Mr. Williams is the attorney of record for Defendant in the above-styled action. [D.E. 12, Ex. 1]. Mr. Williams is also the attorney of record for Defendant in a case brought by Plaintiff against Defendant that was decided by the United States District Court for the Northern District of Illinois and is currently on appeal. *Id*.; *see Rainey v. Taylor*, 2018 WL 4181495, at *1 (N.D. Ill. Aug. 31, 2018).

the dispute, and for the reasons discussed below, Defendant's motion is **GRANTED in part** and **DENIED in part**.[2]

## I. FACTUAL BACKGROUND

This dispute arises from Plaintiff's attempt to collect a multimillion-dollar judgment awarded by a jury in the United States District Court for the Northern District of Illinois. *See Rainey*, 2018 WL 4181495 at *12-15 (denying Defendant's post-trial motions for a new trial and remittitur). To enforce that judgment, Plaintiff sought to depose Mr. Williams about non-privileged information relating to payments made by Defendant to Mr. Williams' law firm. [D.E. 6, Ex. 1]. The Northern District of Illinois issued a subpoena duces tecum in accordance with Fed. R. Civ. P. 45 for that purpose. *Id*.

Plaintiff employed Albert Rivera, a certified process server in Miami-Dade County, to effectuate personal service of the subpoena on the Williams Law Group, PLLC. [D.E. 14, Ex. 1]. On January 17, 2019, Mr. Rivera made various attempts to serve the subpoena on Mr. Williams, the law firm's registered agent, at a residential address in South Miami listed with the Division of Corporations for the Florida Department of State. [D.E. 6, Ex. 1]. That residence was unoccupied. *Id*. Mr. Rivera then attempted to serve the subpoena on Mr. Williams at the office address listed on the law firm's website, but to no avail; the law firm was not a tenant in that office building, and the security guard at the front desk had "never heard of" Mr. Williams' law firm. *Id*.

---

[2] On April 4, 2019, the Honorable Robert N. Scola, Jr. referred Defendant's motion to the undersigned Magistrate Judge for disposition. [D.E. 13].

Undeterred, Mr. Rivera then called the phone number listed on the law firm's website. *Id*. Shortly thereafter, Mr. Williams returned Mr. Rivera's call. *Id*. The fact that this three-and-one-half minute phone call took place is not in dispute, but the parties disagree as to what was said. *Id*.; [D.E. 14, Ex. 1]; [D.E. 15, Ex. 1]. Mr. Rivera's sworn declaration states that Mr. Williams asked him to serve the subpoena via e-mail. [D.E. 14, Ex. 1]. Mr. Williams' sworn declaration contends that he did not request service via e-mail and, importantly, *that he neither waived nor received the appearance and mileage fee* required by Fed. R. Civ. P. 45(b)(1). [D.E. 15, Ex. 1]. Nevertheless, after receiving Plaintiff's authorization to serve Mr. Williams via e-mail, Mr. Rivera e-mailed the subpoena to Mr. Williams on January 28, 2019. [D.E. 14, Ex. 1].

On the same day that the e-mail was sent, Mr. Rivera called Mr. Williams and requested that Mr. Williams confirm receipt of the subpoena via e-mail. *Id*. When Mr. Williams did not confirm receipt within three days, Mr. Rivera left Mr. Williams a voicemail. *Id*. To make a long story short, Mr. Williams was not present at Plaintiff's deposition on February 6, 2019. [D.E. 6, Ex. 2]. Now this Court has been asked to determine whether service of the subpoena was proper.[3] [D.E. 12].

## II.   ANALYSIS

Fed. R. Civ. P. 45 governs the service of subpoenas in a civil action:

---

[3]     Plaintiff also argues that Defendant lacks standing to challenge the subpoena served on his lawyer under these circumstances. [D.E. 14]. Given that Mr. Williams is both the undersigned counsel on Defendant's motion before this court *and* the would-be deponent, we find Plaintiff's standing argument to lack merit. [D.E. 12].

> ***By Whom and How; Tendering Fees.*** Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

Fed. R. Civ. P. 45(b)(1). There is a split among the circuits as to whether delivery of the subpoena requires personal delivery. *Compare Call of the Wild Movie, LLC v. Does*, 770 F. Supp. 2d 332, 361-62 (D.D.C. 2011) (requiring personal service), *with Bozo v. Bozo*, No, 2013 WL 12128680, at *1-2 (S.D. Fla. Aug. 16, 2013) (requiring that service of subpoenas be reasonably calculated to insure receipt of the subpoena by the witness).

### A.   *The proper method of service.*

The Eleventh Circuit has not yet ruled on whether Fed. R. Civ. P. 45 requires personal service, but many courts in this jurisdiction have declined to quash a subpoena when service was reasonably designed to ensure actual receipt of the subpoena. *See, e.g., In re MTS Bank*, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018) (applying the rule of reasonable calculation when the subpoena was delivered to the deponent's attorney and the deponent never denied being in receipt of the subpoena); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 2019 WL 1323116, at *3-4 (S.D. Fla. Feb. 22, 2019) (permitting service of subpoenas via FedEx or UPS as such methods are reasonably calculated to ensure receipt of the subpoena by the witness); *S.E.C. v. Rex Venture Grp., LLC*, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (finding that service was effectuated when made by FedEx and certified mail); *Codrington v. Anheuser-Busch, Inc.*, 1999 WL 1043861, at *1-2 (M.D. Fla.

4

Oct. 15, 1999) (finding that "nothing in the plain language of the Rule requires personal service").

Given the circumstances surrounding Plaintiff's chosen method of service, the Court finds that applying the rule of reasonable calculation is appropriate in this case. Rule 45 itself does not require service to be accomplished as per Rule 4; rather, it only requires "deliver[y]" of the subpoena. Fed. R. Civ. P. 45. Absent Eleventh Circuit authority to the contrary, the Court agrees that proof of actual notice is sufficient. *See also Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (personal service not required).

Here, Defendant does not dispute that Mr. Rivera tried to personally serve Mr. Williams several times before resorting to electronic communication. [D.E. 14, Ex. 1]. Defendant does not dispute that Mr. Williams received a copy of the subpoena via e-mail on January 28, 2019, more than a week after Mr. Rivera verbally notified Mr. Williams of the subpoena and its contents. *Id*. Furthermore, Defendant acknowledges that Mr. Williams and Mr. Rivera spoke immediately after the subpoena was e-mailed to Mr. Williams, and that during this conversation Mr. Williams learned that Plaintiff's subpoena occupied his inbox. [D.E. 15, Ex. 1]. The only thing that Defendant has consistently disputed is whether Mr. Williams consented to be "serve[d]" by e-mail, but we find Mr. Williams' consent to be irrelevant since the method of service employed by Plaintiff was reasonably calculated to ensure actual receipt of the subpoena. *See Bozo*, 2013 WL 12128680, at *1-2.

Assuming that Mr. Williams did not ask to be served via e-mail, the facts show that Plaintiff knew Mr. Williams was put on notice about the existence of the subpoena when he spoke with Mr. Rivera on January 17, 2019. Furthermore, the facts show that Plaintiff knew Mr. Williams was responsive to electronic communication but could not be physically located at either his law firm's registered address or the address listed on its website. Therefore, given that Rule 45 does not expressly prohibit e-mail service and that a certified process server had already spoken with Mr. Williams about the matter, serving the subpoena on Mr. Williams via e-mail, in our view, was a reasonably calculated choice to ensure Williams' receipt of the subpoena. In fact, it was *the* reasonably calculated choice, as Defendant does not contest that Mr. Williams has actually possessed the subpoena since January 28, 2019. Therefore, the Court finds that the method of service was proper.

### B. *The failure to tender the attendance & mileage fee.*

In Defendant's initial motion, he argued that the service of a subpoena via e-mail was a violation of Rule 5, the Rule that governs, *inter alia*, the service of pleadings. It is clear that in the initial Motion, Defendant misunderstood which Rule governed the service of subpoenas because he quoted Rule 5 at length in his and failed to mention Rule 45 until his reply, wherein he concedes that the latter is the controlling Rule. Nevertheless, in his reply, Defendant raises a new argument for why service of the subpoena was defective: Plaintiff failed to tender Mr. Williams with the requisite attendance and mileage fee. [D.E. 15].

6

Defendant is correct to point out that, if a private party seeks to compel a person's attendance through a subpoena, then that party must tender a fee for the person's time and travel. Fed. R. Civ. P. 45(b)(1); *see, e.g., Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) ("Fees must be tendered concurrently with the subpoena."); *In re Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003) ("[A] court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever."); *Gregg v. Clerk of United States Dist. Court*, 160 F.R.D. 653, 654 (N.D. Fla. 1995) (holding that Rule 45 requires the simultaneous tendering of witness fees and reasonably estimated mileage as allowed by law); *Shiman v. Nissan Motor Co., Ltd.*, 2009 WL 10699121, at *4 (S.D. Fla. Jan. 8, 2009) ("As numerous courts have held, for service of a deposition subpoena to be proper, the server must simultaneously serve the subpoena and tender the witness fee and reasonable estimated mileage.").

Because Plaintiff does not claim to have provided Mr. Williams with the fee required by Rule 45, it would seem that the absence of this fee should carry the day for Defendant; we are reluctant, however, to dispose of the motion on an issue that was not raised until Defendant's reply, as the Local Rules for the Southern District of Florida provide that a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without re-argument of matters covered in the movant's initial memorandum of law." S.D. Fla. L. R. 7.1(c). Thus, a reply memorandum "may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant

7

was aware (or should have been aware) of the necessity of the evidence." *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1181 (S.D. Fla. 2015).

In this instance, Defendant's misinterpretation of the Federal Rules of Civil Procedure is an insufficient reason for deviation from the technical demands of practice in the Southern District of Florida. S.D. Fla. L. R. 7.1(c); *Lage*, 145 F. Supp. 3d at 1181. While Defendant makes a valid argument in his reply about the financial demands of Fed. R. Civ. P. 45, the argument was raised too late. Thus, assuming Plaintiff has not yet paid the appropriate appearance and mileage fee to Mr. Williams as required by Fed. R. Civ. P. 45, then the Court, in its discretion, will provide her with an opportunity to timely cure this deficiency, so as to enforce the existing subpoena.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to quash service of subpoena on Andrew Williams, Esq. is **GRANTED in part** and **DENIED in part:**

1. If Plaintiff still wishes to depose Mr. Williams, she must tender him the appropriate fee as required by Rule 45 within 14 days. If only non-privileged production of records is demanded, tender is not necessary.

2. Within 30 days of this Order, and after receipt of the appropriate fee, Mr. Williams must (i) appear for deposition and (ii) materially comply with the subpoena duces tecum served upon him on January 28, 2019.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of April, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge